IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JO LAIR, as Special Administrator for the Estate of JON L. LAIR, <br><br> Plaintiff, <br><br> v. <br><br> SANTIAGO REYES and COMBINED TRANSPORT, INC., <br><br> Defendants. | Case No. 3:18-CV-1017-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion to dismiss filed by Defendants Combine Transport, Inc. and Santiago Reyes pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 58). For the reasons set forth below, the motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

The following facts are drawn from the First Amended Complaint filed by Plaintiff Jo Lair (Doc. 56) and are accepted as true for purposes of the motion to dismiss. On December 2, 2016, Jon Lair ("decedent") was killed in a two-vehicle accident involving a vehicle driven by Santiago Reyes on Eastbound Highway 64 near Mile Post 52 in Hoyleton Township, Illinois (Doc. 56, p. 1-2). At the time of the alleged accident, Santiago Reyes was operating a 2015 Freightliner Cascadia in the course and scope of his employment with Combined Transport, Inc. ("Combined"), an Oregon Corporation (*Id.*).

The decedent was survived by an alleged wife, Doan Thi Xieu, two children, and

his parents (Doc. 59, p. 4-5). The two children were adopted by David Killy, their mother's husband, prior to the decedent's death (Doc. 64-3, p. 1). At the time the wrongful death claim was filed, the decedent's parents were unaware of the decedent's alleged marriage to Doan Thi Xieu, a Vietnamese woman (Doc. 64, p. 7). Lair, decedent's mother, initiated this wrongful death claim under the Wrongful Death Act on behalf of the decedent (Doc. 56). Prior to filing the complaint, on December 13, 2017, the Madison County Circuit Court appointed Lair special administrator of decedent's estate (Doc. 64-2, p. 2). Additionally, Lair was issued Letters of Office by the Jefferson County Circuit Court on June 17, 2019 (Doc. 64-5).

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction based on Lair's alleged lack of standing (Doc. 58, p. 1). FED. R. CIV. P. 12(b)(1). Defendants argue Lair is not a person entitled to a recovery under the Wrongful Death Act, thus the appointment for special administrator is void (Doc. 59, p. 1-2). In addition, Defendants contend they have not received any evidence that Lair has been issued testamentary letters (Doc. 59, p. 3). This Court finds Lair's appointment for special administrator valid, and thus Lair may continue with the claims.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. A federal court's jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing. U.S. CONST. art. III, § 2; *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015). The standing inquiry, importantly, is undertaken at "the outset of the

litigation," when suit first is filed. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000). It is at that point that a plaintiff must satisfy the three-part standard, alleging a concrete, particularized injury, fairly traceable to the challenged conduct, and likely to be redressed by a favorable judicial decision. *See Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 560-61 (1992). If a party does not have standing, then there is no federal jurisdiction, and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. 506, 514 (1868).

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (internal citations omitted); *see also Warth v. Seldin,* 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid a further factual enhancement" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## DISCUSSION

Defendants argue that Lair's purported order signed by a judge of the Circuit Court of Madison County, Illinois, contains no certification by that court indicating it was filed in any pending action as a part of any case or controversy (Doc. 58). Defendants

further argue that this Court must strike Lair's order appointing her as special administrator as void (*Id.*). Defendants contend that Lair lacked standing to move the Madison County Circuit Court to be appointed as special administrator of an estate of which she is not a beneficiary, so the appointment should be void even if the order was entered upon the hearing of a motion filed in an actual case or controversy (*Id.*).

In response, Lair explains that the order appointing her as special administrator of her son's estate was inadvertently not electronically filed in Madison County after it was signed by the judge (Doc. 64). Defendants make no serious argument in reply to that assertion (Doc. 71), so the Court focuses on Defendants' main contention: whether Lair's appointment as special administrator is void.

Under the Illinois Wrongful Death Act, the court may appoint a special administrator upon the motion of any person who would be entitled to a recovery under the Act for the purpose of prosecuting or defending a wrongful death action. 740 ILL. COMP. STAT. § 180/2.1. Only the surviving spouse of or the next of kin of the decedent may recover under the Act. *Id.* Thus, only a surviving spouse or next of kin may move an Illinois court to appoint a special administrator of a decedent's estate. That is, Lair could only have moved for the appointment of a special administrator if she were the decedent's surviving spouse or next of kin.

Under Illinois law, however, "the regularity of an administrator's appointment may not be attacked in a collateral proceeding." *Daniels v. USS Agri-Chemicals, a Div. of U.S. Diversified Grp.*, 965 F.2d 376, 382 (7th Cir. 1992). Therefore, unless Lair's appointment was void *ab initio*, she was, in fact, the special administrator of the estate at

the time the lawsuit was filed. *See id.* "A court's order is void if it was obtained by fraud or if the court had no jurisdiction to enter it." *Id.*

In support of its argument that the appointment should be found void,[1] Defendants rely on *Gaston v. Hypolite*, No. 10-CV-03244, 2010 U.S. Dist. LEXIS 111094, at *7 (N.D. Ill. Oct. 18, 2010). In that case, Plaintiff Gary Gaston filed a petition in the Cook County Circuit Court to appoint himself as a special administrator of Noel Gaston's estate after she died in a car accident. *Id.* at *2. Unbeknownst to the circuit court when it appointed Gaston as special administrator of Noel's estate, Gaston and Noel were not actually married at the time of her death. *Id.* at *3. The circuit court had entered a judgment for dissolution of the marriage between Gary and Noel over three years earlier. *Id.* The court in *Gaston* determined the appointment was void because the circuit court appointed Gaston on the basis of a misrepresentation in his petition. *Id.* at *7.

Here, while it is true that Lair's petition--possibly incorrectly—listed her as the decedent's next of kin, the Court does not find that the state court's order was procured by fraud. Lair testified that she was unaware of her son's marriage to Doan Thi Xieu, and that her son's two children, now adults, had been legally adopted by their mother's husband, resulting in the termination of his parental rights and child support obligations. Lair further testified that her son provided her and her husband with financial support at the time of his death. Because Lair was operating under the belief that she was the next of kin when she filed the petition, the Court finds that it was not procured by fraud and

---

[1] Defendants make no argument that the state court lacked jurisdiction to enter its order.

her appointment as special administrator is valid.

## CONCLUSION

Because the order appointing Lair as special administrator is not void, Defendants' Motion to Dismiss (Doc. 58) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  March 10, 2020**

                                                                             _____
                                                                             **NANCY J. ROSENSTENGEL**
                                                                             **Chief U.S. District Judge**